United States District Court
Southern District of Texas

**ENTERED**

August 30, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF COAST LIMESTONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-23-2831 |
| | § | |
| PONTCHARTRAIN PARTNERS, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

FINAL JUDGMENT AND ORDER FOR FEES, COSTS, AND INTEREST

Pending before the Court is Plaintiff Gulf Coast Limestone's Motion for

Attorney Fees (Document No. 25). Having considered the motion, submissions, and

applicable law, the Court determines that the motion should be granted.

I. BACKGROUND

This case arises out of a breach of contract dispute. On July 15, 2019, Plaintiff

Gulf Coast Limestone Inc ("Gulf Coast") entered into a credit agreement with

Defendant Pontchartrain Partners, LLC ("Pontchartrain"), allowing Pontchartrain to

purchase construction materials and related supplies from Gulf Coast on credit. After

the contract was executed, Pontchartrain experienced financial hardship and failed

to pay for the deliveries of materials for six invoices, amounting to a total of

$141,532.80 in unpaid invoices.[1]  Based on the foregoing, on April 19, 2023, Gulf

Coast filed suit against Pontchartrain in state court asserting claims for: (1) unpaid

account, (2) breach of contract, and, in the alternative, (3) quantum meruit against

Pontchartrain. On August 1, 2023, Pontchartrain removed this matter to this Court

based on diversity jurisdiction. On April 30, 2024, Gulf Coast filed a motion for

summary judgment, contending there is no material question of fact for a jury

regarding whether Pontchartrain was in breach of contract. The Court granted Gulf

Coast's summary judgment motion on July 3, 2024. Gulf Coast now moves for

attorney fees and other items to be awarded by this Court. Pontchartrain did not

respond to Gulf Coast's motion for attorney's fees within either the original response

date, or the date of this order.

## II. LAW & ANALYSIS

Gulf Coast contends he is entitled to an award of: (1) attorney fees; (2) court

costs; (3) pre-judgment interest; and (4) further post-judgment interest. Pontchartrain

did not respond to Gulf Coast's motion, failing to rebut or offer evidence to counter

Gulf Coast's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as

---

[1] *Plaintiff's Amended Motion for Summary Judgment*, Document No. 21 at 3;
*Defendant's Answer*, Document No. 6 at 2.

a representation of no opposition. S.D. Tex. Local R. 7.4. The Court will consider each of Gulf Coast's requests in turn.

A.    *Attorney Fees*

Gulf Coast contends their legal counsel is entitled to attorney fees under both the parties' contractual agreement and the Texas Civil Practice and Remedies Code now that it has prevailed on summary judgment. Accordingly, Gulf Coast has provided a detailed accounting of its attorney fees.[2] Pontchartrain did not respond or offer any counterarguments against awarding attorney's fees.

In the Fifth Circuit, the "lodestar" method is used to determine statutorily authorized attorney fees. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). Under the lodestar method, the Court determines the reasonable hourly rate for the movant's attorney and the reasonable number of hours expended on the litigation by the movant's attorney. *Id.* The lodestar is calculated by multiplying the reasonable hourly rate by the reasonable number of hours. *Id.* Once the lodestar is initially determined, the Court may adjust the lodestar up or down to make the award of attorney fees reasonable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The movant bears the burden of establishing the rate charged and reasonableness of the hours expended. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

---

[2] *Plaintiff's Motion for Entry of Final Judgment*, Document No. 25, Exhibit 1 (*Declaration of Randall Lindley*).

Once the lodestar analysis is complete, the Court may increase or decrease the award

based on the factors provided in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714,

717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th

Cir. 2006) (per curiam).[3]

Here, Gulf Coast contends that it has accrued $41,376.00 in attorney fees. In

support of its claim, Gulf Coast produces detailed billing records, including

descriptions of the tasks performed throughout the litigation. Gulf Coast also

produced a declaration of senior partner on the case, Randall K. Lindley ("Lindley"),

in support of its fee request (the "Lindley Declaration").[4] The Lindley Declaration

indicates Gulf Coast's legal team from Bell Nunally & Martin LLP, billed 78.3 hours

over a period spanning from April 2023 to August 2024. Lindley declared that his

blended billable hour rate over the course of litigation was $571.72 per hour.[5]

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

[4] *Declaration of Randall Lindley, supra* note 2.

[5] Lindley contends that his hourly rate for this matter was $550.00 per hour in 2023, and $595.00 per hour in 2024, resulting in a blended billable hour rate of $571.72 based on the number of hours billed by Lindley across the past seventeenth months. *Declaration of Randall Lindley, supra* note 2 at 4.

Additionally, Lindley declared that a senior associate worked on the matter at a rate of $535 per hour. Lindley also declared that a junior associate worked on the matter at a blended rate of $483.46 per hour.[6] Lindley contends the billing rates charged avoided unnecessary expense by utilizing associate attorneys with lower billable hour rates. Lindley also contends that an additional 12.8 hours were incurred for a senior counsel's time, but out of an abundance of caution the firm declined to seek recovery of that counsel's fees.

The Court has carefully analyzed the billing records and task descriptions produced by Gulf Coast. Based on the Court's analysis of the bill, Lindley billed 20.1 hours at $571.72 per hour, senior associate Nathan Cox billed 33.9 hours at $535.00 per hour, and junior associate Laura Lavernia billed 14.7 hours at $483.46 per hour.[7] Based on the Court's calculation, the total attorney fee award should be $41,376.00.[8] Gulf Coast contends the billable rates are reasonable and necessary in this matter. Gulf Coast further contends that the rates charged are within the range of what is commonly charged for practicing in federal district court on commercial

---

[6] Lindley contends that a junior associate staffed on this matter's hourly rate was $440.00 per hour in 2023, and $470.00 per hour in 2024, resulting in a blended billable hour rate of $483.46 per hour based on the number of hours billed by the associate over the past seventeenth months. *Declaration of Randall Lindley*, *supra* note 2 at 5.

[7] *Declaration of Randall Lindley*, *supra* note 2 at 4–6.

[8] (20.1 x $571.72) + (33.9 x $535.00) + (14.7 x $483.46) = $41,376.00.

5

litigation matters and based on the experience and qualifications of the attorneys involved. Pontchartrain did not respond to Gulf Coast's motion for attorney fees or offer any argument or evidence to suggest the proffered attorney fees are unreasonable. Accordingly, the Court determines that an award of $41,736.00 is appropriate. The Court now turns to the award of court costs and expenses.

*B.    Court Costs*

Gulf Coast requests costs of $474.55, consisting of $389.55 filing fees and $85.00 in service fees. Pontchartrain does not dispute Gulf Coast's requested court costs. The Court "may only award those costs articulated in 28 U.S.C. § 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Mota v. The Univ. of Tex. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)); *see* 28 U.S.C. § 1920. A party seeking costs must attach an affidavit "made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. The Court may deny the award of certain costs if the supporting affidavit is too conclusory to allow the Court to make a reasonable determination as to necessity. *United States ex rel. King v. Solvay S.A.*,

6

*Solvay S.A.*, No. H-06-2662, 2016 WL 3523873, at *8 (S.D. Tex. June 6, 2016) (Miller, J.), *aff'd*, 871 F.3d 318 (5th Cir. 2017).

Here, Gulf Coast provided the amount of the court costs and confirmed them in the Lindley Declaration.[9] Gulf Coast contends that all the requested costs are reasonable and necessary to progress the litigation in this case. The Court notes that fees associated with filing a lawsuit and serving Defendants in a matter are necessary in the litigation process. Pontchartrain did not respond to Gulf Coast's motion or offer any arguments or evidence to assert that the costs asked for are unreasonable or unnecessary. Accordingly, the Court finds that Gulf Coast is entitled to costs incurred during this case. Therefore, the Court awards $474.55 in court costs.

## C.   *Pre-Judgment and Post-Judgment Interest*

Gulf Coast contends it should be awarded $32,871.09 in pre-judgment interest, arguing that the contractual agreement signed by the parties provides for pre-judgment interest at an 18% rate. Gulf Coast also contends that it is entitled to a post-judgment interest at the rate of 18% *per annum* on the total amount of the judgment from the date of judgment until paid in full. Pontchartrain does not dispute Gulf Coast is entitled to pre-judgment or post-judgment interest.

---

[9] *Declaration of Randall Lindley*, *supra* note 2, at 6.

7

The Fifth Circuit has made clear that "pre-judgment interest is calculated under state law." *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.,* 288 F.3d 222, 234 (5th Cir. 2002). In Texas, a prevailing plaintiff in a contract case governed by Texas law is entitled to an award of prejudgment interest 'in all but exceptional circumstances.'" *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987). Prejudgment interest for Texas judgments, including an equitable award of prejudgment interest, is calculated in accordance with chapter 304 of the Texas Finance Code. *Johnson & Higgins of Tex, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530–33 (Tex. 1998). Additionally, Texas common law allows pre-judgment interest to accrue at the same rate as post-judgment interest on damages awarded for breach of contract. *Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499-500 (5th Cir. 2002) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 530 (Tex. 1998)). The Texas Finance Code authorizes a money judgment for post-judgment interest "at a rate equal to the lesser of: (1) the rate specified in the contract, which may be a variable rate; or (2) 18 percent a year." Tex. Fin. Code § 304.002.

Here, Gulf Coast provides proof of the parties' contractual agreement to an 18% interest rate, which is permissible under the Texas Finance Code.[10]

---

[10] *Plaintiff's Amended Motion for Summary Judgment*, Document No. 21, Exhibit A.

Pontchartrain offers no opposition. Given the parties' contractual agreement and guidance from both the Fifth Circuit and Texas Finance Code, the Court finds that an interest rate of 18% is acceptable, and awards Gulf Coast pre-judgment interest in the amount of $32,871.09. The Court also awards Gulf Coast post-judgment interest at the rate of 18% *per annum*.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff Gulf Coast Limestone's Motion for Attorney Fees (Document No. 25) is **GRANTED**. The Court further

**ORDERS** that Plaintiff is **AWARDED** damages in the sum of $141,532.80. The Court further

**ORDERS** that Plaintiff is **AWARDED** attorney fees in the sum of $41,376.00. The Court further

**ORDERS** that Plaintiff is **AWARDED** court costs in the sum of $474.55. The Court further

**ORDERS** that Plaintiff shall recover pre-judgment interest in the amount of $32,871.09. The Court further

**ORDERS** that Plaintiff shall recover post-judgment interest at the post-judgement rate of 18% *per annum*, on the total amount of the judgment from the date of judgment until the date of payment.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this **29** day of August, 2024.

_____
DAVID HITTNER
United States District Judge

10